IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| PAUL CASTONGUAY, SR., | ) | CASE NO. 8:09CV279 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | MEMORANDUM |
| | ) | AND ORDER |
| DOUGLAS COUNTY SHERIFF'S DEPARTMENT, | ) ) | |
| | ) | |
| Defendant. | ) | |

Plaintiff filed his Complaint in this matter on August 17, 2009. (Filing No. 1.) Plaintiff has previously been given leave to proceed in forma pauperis. (Filing No. 8.) The court now conducts an initial review of the Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. §§ 1915(e) and 1915A.

I. **SUMMARY OF COMPLAINT**

Plaintiff filed his Complaint on August 17, 2009, against the Douglas County Sheriff's Department. (Filing No. 1 at CM/ECF p. 1.) Plaintiff is currently incarcerated in the Douglas County Correctional Center in Omaha, Nebraska. (*Id*. at CM/ECF p. 2.)

Condensed and summarized, Plaintiff alleges that his wife, who is mentally handicapped, called Defendant to report that she was a robbery victim on October 31, 2008, and a sexual assault victim approximately two weeks later. (*Id*. at CM/ECF pp. 5-6.) Defendant failed to investigate these reported crimes. (*Id*. at CM/ECF pp. 4-7.) Plaintiff seeks monetary damages in the amount of "Four Hundred Thousand" dollars and a court order that directs Defendant to investigate the crimes his wife reported. (*Id*. at CM/ECF p. 7.)

## II. APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The court is required to review prisoner and in forma pauperis complaints seeking relief against a governmental entity or an officer or employee of a governmental entity to determine whether summary dismissal is appropriate. *See* 28 U.S.C. §§ 1915(e) and 1915A. The court must dismiss a complaint or any portion thereof that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A.

Therefore, where a pro se plaintiff does not set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible, their complaint must be dismissed" for failing to state a claim upon which relief can be granted. *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 569-70 (2007) (overruling *Conley v. Gibson,* 355 U.S. 41 (1967),* and setting new standard for failure to state a claim upon which relief may be granted). Regardless of whether a plaintiff is represented or is appearing pro se, the plaintiff's complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent,* 780 F.2d 1334, 1337 (8th Cir. 1985). However, a pro se plaintiff's allegations must be construed liberally. *Burke v. North Dakota Dep't of Corr. & Rehab.,* 294 F.3d 1043, 1043-44 (8th Cir. 2002) (citations omitted).

## III. DISCUSSION OF CLAIMS

In order for Plaintiff to proceed with his claims, he must have standing. Standing is a jurisdictional requirement, that "can be raised by the court sua sponte at any time during the litigation." *Delorme v. United States,* 354 F.3d 810, 815 (8th Cir. 2004).

2

As a general rule, to establish standing a plaintiff must assert his legal rights or interests and not "the legal rights or interests of third parties." *Warth v. Seldin,* 422 U.S. 490, 498-99 (1975). However, there are circumstances where it is necessary to grant a third party standing to assert the rights of another. *See Kowalski v. Tesmer,* 543 U.S. 125 (2004). To establish third-party standing, a litigant must show that (1) he suffered an injury in fact, (2) he has a "close" relationship with the third party, and (3) some barrier or practical obstacle prevents or deters the third party from asserting his or her own interest (e.g., the third party is unidentifiable, lacks sufficient interest, or will suffer some sanction). *Hodak v. City of St. Peters,* 535 F.3d 899, 904 (8th Cir. 2008); *see also Powers v. Ohio,* 499 U.S. 400, 411 (1991).

Here, Plaintiff clearly asserts the rights of his wife, but he does not allege that he suffered his own injury in fact. Accordingly, Plaintiff has failed to satisfy the first requirement of third-party standing. Because Plaintiff lacks standing, the court lacks jurisdiction over Plaintiff's Complaint and it must be dismissed.[1]

IT IS THEREFORE ORDERED that:

1. Plaintiff's Complaint is dismissed without prejudice for lack of jurisdiction; and

---

[1] The court notes that pursuant to Federal Rule of Civil Procedure 17(c)(1), a duly appointed representative may sue or defend on behalf of an incompetent person. In addition, an incompetent person who does not have a duly appointed representative may sue by a next friend or by a guardian ad litem. Fed. R. Civ. P. 17(c)(2). However, a pro se litigant who is not an attorney may not represent someone else in federal court. *See, e.g., Osei-Afriyie v. Med. Coll. of Penn.,* 937 F.2d 876, 882-82 (3d Cir. 1991) (concluding that it is not in the interest of minors or incompetents that they be represented by non-attorneys).

2. A separate Judgment will be entered in accordance with this Memorandum and Order.

Dated this 19th day of November, 2009.

BY THE COURT:

s/Laurie Smith Camp
United States District Court

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.